# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-0021 AGF |
| | ) | |
| MARC BERRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Lamon Taneal Hemingway (registration no.1101853), an inmate at Southeast Correctional Center, for leave to commence this action without payment of the required filing fee [Doc. # 2] and for leave to file an amended complaint [Doc. #6]. For the reasons stated below, the Court finds that the plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.70. *See* 28 U.S.C. § 1915(b)(1). Furthermore, upon review of the complaint and first amended complaint, the Court will grant Plaintiff's motion for leave to amend the complaint and order the Clerk to issue process or cause process to be issued on the amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's

account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. A review of plaintiff's account indicates an average monthly deposit of $8.50. Accordingly, the Court will assess an initial partial filing fee of $1.70, which is 20 percent of plaintiff's average monthly deposit.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Amended Complaint

Plaintiff, an inmate at SECC, brings this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights. In his motion for leave to file a first amended complaint, Plaintiff states that his original complaint contains claims that are related to another action before the Court. In an effort to avoid duplicity, Plaintiff seeks to amend his complaint to the first plausible

claim Plaintiff made in his complaint and drop all parties except Defendant Timothy Holsten. However, in his amended complaint, Plaintiff names as Defendants Marc Berry, Correctional Officer ("SECC") and Timothy Holsten, Case Manager ("SECC"). Plaintiff sues Defendants in their individual capacities.

Plaintiff states that after he received two conduct violations on "previous days," his Case Manager, Timothy Holsten "teamed him," or set up a hearing related to his conduct violations. The hearing was set for January 5, 2017. Plaintiff told Holsten that he had been on suicide watch from December 3, 2016 and on property removal during that time period and, as a result, he had not received a copy of either of the conduct violations. Plaintiff alleges that he asked Holsten to delay his hearing until he was able to have "due process" for the violations, or he was able to have copies of the violation reports. Plaintiff claims that Holsten denied his requests.

Plaintiff further alleges that Holsten wrote a false statement on one of the conduct violation reports, attributed to plaintiff. Plaintiff believes Holsten wrote the false statement because Plaintiff has been, and is continuing to, file complaints against Defendant Holsten.

Plaintiff claims that Holsten charged him for damage to a mattress and a sprinkler. He asserts that although he did damage the sprinkler, he did not damage the mattress. He states that he asked Holsten to review the documentary evidence relating to how the mattress was already damaged when he entered the cell, but Holsten refused to do so, in retaliation for Plaintiff's prior complaints against him. Plaintiff has not made any allegations against Defendant Marc Berry in the amended complaint. Plaintiff seeks monetary damages and injunctive relief.

**Discussion**

After reviewing the complaint in its entirety, as well as the proposed amended complaint, the Court will order the Clerk to issue process or cause process to issue on Plaintiff's claims of retaliation and due process violations against Timothy Holsten in his individual capacity.

Plaintiff, however, has not made a direct claim against Marc Berry. As a result, Defendant Berry will be dismissed from this lawsuit. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) ("Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights."); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's motion for order from the Court to provide an inmate account statement [Doc. #3] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend his complaint [Doc. #6] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial filing fee of $1.70 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if Plaintiff fails to pay the initial partial filing fee within thirty (30) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to Defendant Timothy Holsten in his individual capacity. Defendant

is an employee of the Missouri Department of Correctional and shall be served through the waiver agreement the Court maintains with the Missouri Attorney General's Office.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), Defendant Timothy Holsten shall reply to Plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint as to Marc Berry because, as to this Defendant, the complaint is legally frivolous or fails to state a claim upon which relief can be granted, or both.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5: Prisoner Standard.

An Order of Partial Dismissal will accompany this Memorandum and Order.

Dated this 8th day of August, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE