# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | | |
|---|---|---|
| LAMON TANEAL HEMINGWAY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-CV-21 AGF |
| | ) | |
| TIMOTHY HOLSTEN, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for order to show cause. After reviewing plaintiff's show cause motion, as well as plaintiff's release date, as noted in his response brief, the Court will deny plaintiff's motion without prejudice at this time.

In his motion for order to show cause, plaintiff submits that he has been unable to serve defendant with process because he is indigent. In addition, plaintiff complains that three of his caseworkers at SECC, as well as his Functional Unit Manager, have denied him the ability to attain stamps, envelopes and paper in order to correspond with the Court and defense counsel. Yet, in the next paragraph, plaintiff states that he is able to buy stamps, but he is limited, like all offenders in his housing unit, to buying only five stamps at one time.

Plaintiff next asserts that "defendant and their coworkers and supervisory are destroying plaintiff's legal mail and taking his stamps and envelopes that plaintiff does buy during cell searches all in an attempt to delay, deny and disparage plaintiff from pursuing civil claims, including this specific civil action." Last, plaintiff states that his release from prison date is set for December 2, 2017.

"To state a claim [for denial of meaningful access to the courts], inmates must assert that they suffered an actual injury to pending or contemplated legal claims." *Myers v. Hundley*, 101 F.3d 542, 544 (8th Cir. 1996).

> Alleging theoretical inadequacies is insufficient. Inmates must instead show, for example, that a complaint that they prepared was dismissed due to a technical requirement that a library's inadequacies prevented them from knowing, or that a library was so inadequate that it prevented them from filing a complaint for actionable harm at all.

*Id.*

Although plaintiff's allegations regarding prison workers' alleged attempts to "delay, deny and disparage" him in this action are serious, they are not sufficient to allege an access to courts claim. At this time, plaintiff has been able to file his claims with this Court, and he has been given ample opportunities to amend his pleadings. Therefore, he has not suffered an actual injury to a legal claim in this action.

Additionally, it appears that at this juncture, plaintiff has been released from custody. Thus, there should not be any additional interference with his legal claims. As such, the Court will deny plaintiff's motion at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to show cause [Doc. #20] is **DENIED without prejudice.**

Dated this 27th day of December, 2017.

_/s/ Audrey G. Fleissig_
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE